Perry S. Reich, Esq. Informal Opinion No. 99-22 Village Attorney Village of Atlantic Beach 65 The Plaza Atlantic Beach, New York 11509
Dear Mr. Reich:
You have inquired as to whether the enactment of a local law by the Village of Atlantic Beach, which would permit the Village to obtain and enforce default judgments against defendants for violation of Village laws (such as littering or animal control violations) as civil judgments if the defendants fail to answer citations within a specified time, would be precluded by Municipal Home Rule Law § 11(1)(e).
Municipal Home Rule Law § 11(1)(e) provides that a local legislative body may not adopt a local law which supersedes a State statute, if such local law "applies to or affects the courts as required or provided by article six of the constitution."
Article VI of the New York State Constitution establishes the Unified Court System (art VI, § 1) and sets forth or delegates to the Legislature responsibility to set forth the jurisdiction of the various courts (see, art VI, § 17[a]).
The Attorney General previously has concluded that only the State Legislature has jurisdiction to legislate in relation to the courts and judicial matters; the Legislature in specific terms may delegate that authority to a municipality. See, 1980 Op Atty Gen 42.
As the Village laws referred to in your letter provide for the imposition of a fine or fines upon the occurrence of certain specified conduct, such conduct is considered to be an "offense" under the terms of Penal Law § 10(1). An "offense" is defined therein in relevant part as "conduct for which . . . a fine is provided . . . by any . . . law, local law or ordinance of a political subdivision of this state. . . ." The provisions of the Criminal Procedure Law apply to adjudication and sentencing for every offense. Therefore, enforcement of the local laws is governed by the Criminal Procedure Law.
The Criminal Procedure Law sets forth the circumstances in which a defendant may be arraigned and tried without being personally present. Criminal Procedure Law §§ 170.10(1), 340.50(2), (3). Section420.10(6)(a) of the Criminal Procedure Law provides that a fine must be imposed by a written order of the court, which must specify the amount required to be paid by the defendant. The section also requires, for courts other than the supreme court, that the court's order must direct the district attorney to file a certified copy of the order with the county clerk of the county in which the court is situated. Section 420.10(6)(a) further provides that such order shall be entered by the county clerk in the same manner as a judgment in a civil action in accordance with CPLR § 5016(a), and after entry of the order, the fine may be collected in the same manner as a judgment in a civil action by the district attorney. The district attorney may, in his or her discretion, and must, upon order of the court, institute proceedings to collect such fine. Id., § 420.10(b).
These provisions, giving the courts jurisdiction over the imposition and collection of fines imposed for the commission of offenses and governing criminal procedure in the courts, may not be superseded by local law. Municipal Home Rule Law § 11(1)(e); see, 1982 Op Atty Gen (Inf) 170.
In your letter, you noted that section 1806-a of the Vehicle and Traffic Law provides procedures by which certain courts may enter default judgments against defendants charged with traffic infractions who fail to answer within the time specified. That, however, is a power granted to the courts by the Legislature, not to localities pursuant to local law. Moreover, the offenses at issue are not established by the Vehicle and Traffic Law.
We conclude that the Village of Atlantic Beach may not enact a local law which would permit the Village to obtain and enforce default judgments in the same manner as civil judgments against defendants for violation of Village laws if the defendants failed to answer citations within a specified time. The provisions of the Criminal Procedure Law govern collection of the fine.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
WILLIAM E. STORRS, Assistant Attorney General